**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK A. SHANK, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HEALTH CARE SERVICE CORPORATION, )<br>BLUECROSS BLUESHIELD OF ILLINOIS, )<br>and PRIME THERAPEUTICS LLC, )<br>)<br>Defendants. )<br>)<br>)<br>)<br>) | No.: 1:16-cv-03993<br><br>Honorable Harry D. Leinenweber |

**DEFENDANT PRIME THERAPEUTICS LLC'S
MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL**

Defendant Prime Therapeutics LLC ("Prime"), by and through its counsel, pursuant to Local Rules 5.8 and 26.2, respectfully requests an order granting Prime permission to file an exhibit to its Reply Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint under seal. Prime wishes to file under seal a portion of the Pharmacy Benefit Service Agreement (the "Agreement") between Health Care Service Corporation ("HCSC") and Prime, effective as of January 1, 2016.

Under Federal Rule of Civil Procedure 26(c)(1)(G), a court may, when good cause is shown, enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FED. R. CIV. P. 26(c)(1)(G). Where contract terms are not generally known in the industry and have economic value, they may qualify as trade secrets. *See SmithKline Beecham Corp. v. Pentech*

*Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) (holding that information about terms and conditions of contracts "that might give other firms an unearned competitive advantage" is legitimately confidential information that competitors should not have and the public does not need to know to evaluate the judiciary's handling of the litigation); *FTC v. OSF Healthcare Sys.*, 2012 WL 1144620, *3-4 (N.D. Ill. Apr. 5, 2012) (sealing contract and other documents containing "confidential commercial information and trade secrets in the form of contract terms, contract negotiations and strategies, and pricing information").

Here, Prime has good cause to file the Agreement under seal. The Agreement's terms and information contained therein qualify as trade secrets because they are not generally known in the industry and have economic value. *See SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1008 (N.D. Ill. 2003); *OSF Healthcare Sys.*, 2012 WL 1144620 at *3-4. The Agreement is not publically available and both Prime and HCSC consider the Agreement and the information contained therein to be a trade secret and confidential and proprietary in nature. (*See* Affidavit of Robert O'Hara ("O'Hara Aff.") at ¶ 3.)

Furthermore, the portion of the Agreement containing the provision relevant to Prime's Motion to Dismiss contains commercially-sensitive provisions related to rebate contracting and the use of HCSC's intellectual property. (*See* O'Hara Aff. at ¶ 4.) Prime derives economic value from the confidentiality of these commercially-sensitive terms and will suffer competitive harm if this excerpt of the Agreement is released. Specifically, public release would harm Prime's negotiating position with other health insurance companies who contract for Prime's services. *See, e.g., OSF Healthcare Sys.*, 2012 WL 1144620, at *2 (holding that publically releasing the terms of a private contract between a health insurer and hospital would give other hospitals "an unfair advantage in negotiating with [the insurer] because they would have knowledge of the

terms of [the insurer's] contracts with other hospitals"); *SmithKline Beecham Corp.*, 261 F. Supp. 2d at 1008 (explaining that dissemination of contract terms would give other firms an unearned competitive advantage arising from "from the adventitious circumstance of the agreement's having become caught up in litigation").

In order to prevent these harms to Prime and/or HCSC, Prime respectfully requests that the Court grant its motion to file the Agreement under seal. Pursuant to Local Rules 5.8 and 26.2, Prime is (a) provisionally filing an unredacted version of its reply brief and the excerpt of the Agreement as an exhibit thereto under seal, (b) filing electronically a redacted, public-record version of the reply brief and exhibits, and (c) now moving this Court for leave to file the unredacted, non-public version of the reply brief and exhibits under seal.

Dated: September 12, 2016  Respectfully submitted,

By: /s/ Kevin D. Tessier

Martin J. Bishop (ARDC # 6269425)
Email: mbishop@reedsmith.com
Kevin D. Tessier (ARDC # 6238232)
Email: ktessier@reedsmith.com
Caitlin O. Young (ARDC # 6321768)
Email: coyoung@reedsmith.com
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Attorneys for Prime Therapeutics LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 12, 2016, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record.

      /s/ Kevin D. Tessier_____