IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARK A. SHANK, Individually and on Behalf of All Others Similarly Situated,** | |
| Plaintiff, | Case No. 16 C 3993 |
| v. | Judge Harry D. Leinenweber |
| **HEALTH CARE SERVICE CORPORATION, BLUECROSS BLUESHIELD OF ILLINOIS, and PRIME THERAPEUTICS LLC,** | |
| Defendants. | |

# ORDER

Before the Court is Defendant Prime Therapeutics LLC's Motion to Dismiss [ECF No. 32] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the Motion is granted.

# STATEMENT

Plaintiff Mark A. Shank ("Shank") filed this putative class action lawsuit, alleging that the Defendants, Health Care Service Corporation ("HCSC"), BlueCross BlueShield of Illinois (a division of HCSC), and Prime Therapeutics LLC ("Prime"), unlawfully refused to provide insurance coverage for the drug Harvoni, a treatment for Hepatitis C. The only relevant claim for purposes of this Motion is Count I, a claim for breach of contract. Shank was party to a contract for health insurance coverage with HCSC. He alleges that the insurance policy required, through implied or express terms, prescription coverage for Harvoni, which HCSC denied.

Defendant Prime is a pharmacy benefit management company that acts as a third-party administrator of prescription drug benefits for various health insurance plans, including the plan at issue here. Prime has moved to dismiss Shank's Complaint against it for breach of contract, arguing that it was never a party to the health insurance policy Shank had with HCSC. In considering Prime's Motion to Dismiss, the Court accepts Shank's allegations as true. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir. 1987).

Prime argues that because it was not a party to the insurance contract, no liability can attach to it for another party's breach. That is a correct statement of the general rule. *See, E.E.O.C. v. Waffle House, Inc.,* 534 U.S. 279, 294 (2002) ("[A] contract cannot bind a nonparty."). Shank responds that Prime may still be liable as a non-party because of its special relationship to HCSC, the party directly responsible for the breach. For support, Shank cites cases in which courts have "pierced the corporate veil," holding individuals legally responsible for the actions of a related corporation.

The relevance of the doctrine of veil-piercing is not immediately obvious, because Shank is not attempting to reach an individual shareholder in his claim against Prime. Construing his Complaint liberally, however, he appears to assert an agency theory, arguing that Prime was bound by the insurance policy as a non-signatory because it acted as an agent (or "alter-ego" in Shank's words) of HCSC. *Cf. Zurich Am. Ins. v. Watts Industries,* 417 F.3d 682, 687 (7th Cir. 2005) (discussing the concept in determining whether a non-signatory was bound by an arbitration agreement).

Shank points to two conclusory statements in the Complaint that supposedly establish Prime is an agent of HCSC: (1) "Prime acts as an agent on behalf of HCSC in its role as PBM [pharmacy

benefits manager] under the HCSC Policies"; and (2) HCSC "has the ability to control and exercises control over Prime, and Prime assents to HCSC's control." *See,* Pl.'s Am. Compl. ¶ 27. But the Seventh Circuit has held that "mere conclusory statements are insufficient to survive a motion to dismiss." *Doe v. Village of Arlington Heights,* 782 F.3d 911, 914-15 (7th Cir. 2015). That is all that Shank has provided here, and he thus fails to state a plausible breach of contract claim against Prime.

Besides, establishing Prime's status as an agent wouldn't get Shank very far: the question here is not whether HCSC is responsible for Prime's breach, but whether Prime can be held responsible for the actions of HCSC. "[W]here the principal [HCSC] is disclosed . . . the agent is not liable for the principal's alleged breach of contract." *Innkeepers' Telemanagement and Equipment v. Hummert Management Group,* 841 F.Supp. 241, 245 (N.D. Ill. 1993). The Court therefore is left puzzled as to how Shank's allegation that "Prime acts as an agent of HCSC" would establish any liability on Prime's behalf.

To the extent Shank intends to argue separately that Prime acts as the alter ego of HCSC, the Complaint is still short on necessary allegations. To state an alter ego theory, Shank must suggest "such unity of interest and ownership that the separate personalities of the corporation and the individual [or in this case, the second corporation] no longer exist; and second, circumstances must be such that an adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Lumpkin v. Envirodyne Industries,* 933 F.2d 449, 462 (7th Cir. 1991). Again, Shank has failed to allege any facts that would satisfy these elements; the only relevant allegations are the same ones that were insufficient to suggest an agency relationship.

The bottom line is that Shank has failed to make a coherent case for why Prime should be named as a defendant. The Court is left wondering, even after reading through the Complaint and Shank's response to the Motion to Dismiss, what role he believes Prime played in the underlying conduct. As a pharmacy benefit manager, Prime appears to be an intermediary between patients like Shank and health insurers. It would be strange to assume that Prime had any authority to deny Shank or any other HCSC beneficiary coverage for Harvoni under an insurance policy to which it is not a party; indeed, the actual letters Shank received denying coverage were from BlueCross BlueShield. *See*, Pl.'s Am. Compl. ¶¶ 72, 76, 79. Without more, the Court is left with a party that seems to have no relation to the alleged harm in the suit.

For these reasons, the Court grants Defendant's Motion to Dismiss [ECF No. 32], dismissing Shank's claim against Prime without prejudice.

                                       Harry D. Leinenweber, Judge
                                       United States District Court

Dated: November 3, 2016