UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK S. SHANK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION,<br>BLUECROSS BLUESHIELD OF ILLINOIS,<br>and PRIME THERAPEUTICS LLC,<br><br>Defendants. | Case No. 16-cv-03993<br>Honorable Harry D. Leinenweber |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF CLASS NOTICE,
AND SCHEDULING OF A FINAL APPROVAL HEARING**

This Action came before the Court upon the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion") filed by plaintiff Mark Shank ("Plaintiff" or "Named Plaintiff"), and Defendant Health Care Service Corporation ("HCSC") (collectively, "Parties" and each a "Party"). The terms of the Settlement are set out in the Settlement Agreement and Release, fully executed as of October 10, 2017 (the "Settlement Agreement"),[1] by counsel on behalf of the Named Plaintiff and HCSC, respectively.

Pursuant to the Named Plaintiff's Motion for Preliminary Approval of the Settlement, on October 26, 2017, the Court preliminarily considered the Settlement to determine, among other

---

[1] Other capitalized terms not otherwise defined in the Order shall have the meanings ascribed to them in the Settlement Agreement.

things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement and the matter having come before the Court on October 26, 2017, due notice having been given and the Court having been fully advised in the premises, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **Preliminary Approval of Proposed Settlement.** The Settlement Agreement is hereby preliminarily approved as being within the range of fairness, reasonableness, and adequacy. This Court preliminarily finds that: (a) the proposed Settlement resulted from serious, informed, extensive and arms'-length negotiations with the assistance of experienced mediators; (b) the Settlement Agreement was executed only after Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Named Plaintiff's claims; (c) Class Counsel represent that they have concluded that the proposed Settlement is within the range of fairness, reasonableness, and adequacy; and (d) the proposed Settlement is in the best interest of the Named Plaintiff and the Settlement Class. The Court finds that those whose claims would be settled, compromised, dismissed, or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

2. **Class Certification.** For Settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(2) and 23(d)(2), the Court preliminarily certifies the following Settlement Class:

> All persons, currently or formerly covered under any type of commercial health benefits plan, health insurance policy, or health maintenance organization contract with a medical benefit or prescription drug benefit (or both) insured or administered by HCSC whose request for prior authorization or coverage of Harvoni was denied by HCSC between July 1, 2015, and May 31, 2016, based in whole or in part, on a Fibrosis Restriction, and who did not subsequently receive authorization or coverage

        for a Hepatitis C Drug under an HCSC administered or insured plan prior to June 1, 2016.

(a)     The Court finds, for settlement purposes only (without an adjudication on the merits or a determination of whether a class should be certified if the Settlement is not approved or otherwise does not become final), that the prerequisites for a settlement class under Fed. R. Civ. P. 23(a) and 23(b)(2)-(3) have been preliminarily satisfied in that: (i) the Settlement Class appears to be so numerous that joinder of all members is impracticable; (ii) there appear to be questions of law or fact common to the Settlement Class Members for purposes of determining whether the Settlement should be approved; (iii) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement; (iv) Plaintiff appears to be capable of fairly and adequately protecting the interests of the Settlement Class; (v) Plaintiff alleges that HCSC has acted or refused to act on grounds that generally apply to the Settlement Class; (vi) for purposes of determining whether the Settlement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members; and (vii) for purposes of determining whether the Settlement is fair, reasonable, and adequate, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class Members.

(b)     In making these findings, the Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

    (c)  The Court further finds, for settlement purposes only, that: (a) Settlement Class Members likely have a limited interest in individually prosecuting the claims at issue; (b) it is desirable to concentrate the claims in this forum; and (c) it is unlikely that there will be difficulties encountered in administering the Settlement.

    (d)  Under Rules 23(c)(2), 23(d) and 23(e), the Court orders the Parties to provide notice and an opt-out right to protect the right of any Settlement Class Members to opt out and preserve any claims for individualized monetary damages.

    (e)  The Court hereby appoints Named Plaintiff Mark Shank as the representative for the Settlement Class and Kessler Topaz Meltzer & Check, LLP ("KTMC") and Cooper and Kirk, PLLC ("Cooper and Kirk") as Class Counsel for the Settlement Class.

  3.  **Final Approval Hearing.** A hearing is scheduled for March 20, 2018, at 9:00 am to make a final determination, concerning among other things:

- Whether the Settlement merits final approval as fair, reasonable and adequate;

- Whether the prerequisites for settlement class action treatment under Fed. R. Civ. P. 23 are met;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether the notice method proposed by the Parties: (i) constitutes the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, their right to opt out of the Settlement, and their right to appear at the Final Approval Hearing; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement; and

4

- Whether any application(s) for attorneys' fees, reimbursement of litigation expenses and a Case Contribution Award to the Named Plaintiff is fair and reasonable and should be approved.

4. **Settlement Administrator**. The Court hereby approves retention of Epiq Class Action & Claims Solutions, Inc. to perform the duties of the Settlement Administrator set forth in the Settlement Agreement, including providing notice to Settlement Class Members and performing other duties set forth in the Settlement Agreement.

(a) To permit the Settlement Administrator to perform its duties under the Settlement and this Order, the Court hereby orders that within three (3) business days after entry of this order, HCSC shall provide to Epiq Systems, Inc. and Class Counsel a list of Settlement Class Members, including their last known mailing and email addresses. All information provided to the Settlement Administrator by HCSC pursuant to the Settlement Agreement and this Order shall be treated by the Settlement Administrator as CONFIDENTIAL under the terms of the HIPAA-Qualified Protective Order entered in this action (Doc. No. 72) ("Protective Order"), and shall constitute a permitted disclosure pursuant to 45 CFR 164.512(e).

(b) Prior to receipt of the list of Settlement Class Members the Settlement Administrator shall first confirm that it: (i) has reviewed the "Stipulation and Agreed F.R.E. 502(D) and Protective Order; (ii) agrees to be bound by the Protective Order; (iii) will maintain the list of Settlement Class Members and all personally identifiable information concerning the Settlement Class Members ("Protected Information") using appropriate confidentiality and security protections, including through the use of data encryption and password protection of electronic files containing Protected Information, and locked storage of

    physical files containing Protected Information; and (iv) will follow instructions from the Court and/or HCSC concerning the return or destruction of Protected Information upon completion of settlement administration.

 (c) Within seven (7) days following the deadline to cure deficient Claim Forms, the Settlement Administrator shall determine, based on the claims submitted, the amount necessary to fund the Settlement Fund, not to exceed $200,000.00 (the "Funding Amount") and report the Funding Amount to Class Counsel and HCSC.

 (d) HCSC shall pay for all Settlement Administration Costs, as prescribed by the Settlement.

 5. **Class Notice and Claim Form.** The Court hereby orders the Parties to provide notice and an opt-out right to allow Settlement Class Members to opt out and preserve any claims for individualized monetary damages.

 (a) The Parties have presented to the Court a proposed form of Class Notice, attached to the Settlement Agreement as Exhibit 3, and the Claim Form, attached to the Settlement Agreement as Exhibit 5. The form of proposed Class Notice: (i) describes the terms and effects of the Settlement Agreement, the Settlement, and definition of the preliminarily certified Settlement Class; (ii) notifies the Settlement Class that Class Counsel will seek attorneys' fees and reimbursement of expenses, to be paid by HCSC; (iii) notifies the Settlement Class that Class Counsel will request a Case Contribution Award in the amount of $5,000 for Named Plaintiff Mark Shank in recognition of his services in such capacity; (iv) gives notice to the Settlement Class of the time and place of the Final Approval Hearing; (v) describes how eligible Settlement Class Members

        can file a Claim for Compensation; (vi) describes how Settlement Class Members object to any of the relief requested; (vii) describes how Settlement Class Members may request to appear and/or speak at the Final Approval Hearing; and (viii) explains that any judgment, whether favorable or not, will bind all Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class.

(b)     The Parties have proposed a Notice Plan for communicating the Class Notice to members of the Settlement Class in Section III.C.4 of the Settlement Agreement, and the Court finds that such proposed notice is the best notice practicable under the circumstances.

(c)     The Court hereby approves the form, content and requirements of the Class Notice and Claim Form attached to the Settlement Agreement. The Settlement Administrator will cause the Class Notice and Claim Form to be provided to all Settlement Class Members by the Notice Deadline, according to the Notice Plan set forth in the Settlement. Class Counsel will, prior to the Final Approval Hearing, file proof of notice with the Court.

(d)     The Claim Submission Deadline shall be January 23, 2018. In order to be considered timely, a Claim for Compensation must be either filed electronically at www.XXXXXXX.com by the Claim Submission Deadline, or if submitted through the USPS, be postmarked no later than the Claim Submission Deadline.

6.     **CAFA Notice.** The form of notice and notice procedure proposed by Defendants pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice") complies with the requirements of the Act.

7. **Petition for Attorney's Fees and Litigation Costs and Case Contribution Awards.** Any petition by Class Counsel for attorneys' fees, reimbursement of litigation costs and a Case Contribution Award to the Named Plaintiff, and all briefs in support thereof, shall be filed no later than December 22, 2017.

8. **Briefs in Support of Final Approval of the Settlement.** Briefs and other documents in support of Final Approval of the Settlement shall be filed no later than February 6, 2018.

9. **Responses in Support of Final Approval of the Settlement.** Briefs and other documents in response to objections and in support of Final Approval of the Settlement shall be filed no later than February 6, 2018.

10. **Objections to Settlement.** Any Settlement Class Member or authorized recipient of the CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, proposed award of attorneys' fees and reimbursement of expenses, the payment of costs of administering the Settlement, or to the request for a Case Contribution Award for the Named Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The objector must also mail copies of the objection(s) and any supporting law and/or evidence to Class Counsel and to counsel for the Defendants. The addresses for filing objections with the Court and serving objections on counsel are as follows:

    For Filing:

    Clerk of the Court

United States District Court for the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 S. Dearborn Street
Chicago, IL 60604

Re: *Shank v. Health Care Service Corporation, et al.*, Case No. 16-cv-03993

To Class Counsel:

Natalie Lesser
KESSLER TOPAZ MELTZER & CHECK, LLP
280 King of Prussia Road Radnor,
Pennsylvania 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

David H. Thompson
COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington, D.C. 20036

To Defendants' Counsel:

Brian Kavanaugh
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654

The objector or his, her, or its counsel (if any) must serve copies of the objection(s) (together with any supporting materials) on counsel listed above and file the objection(s) and supporting materials with the Court postmarked or hand delivered no later January 8, 2018. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also serve a notice of appearance on counsel listed above and file it with the Court no later than January 8, 2018. Any Settlement Class Member or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising any objection to the Settlement, and any untimely objection shall be

barred. Any responses to objections shall be filed with the Court and served on opposing counsel no later than February 6, 2018. There shall be no reply briefs.

11. **Appearance at Final Approval Hearing.** Any objector who files and serves a timely, written objection in accordance with Paragraph 10 above may also appear at the Final Approval Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must serve a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court by no later than January 8, 2018. Any objector who does not timely file and serve a notice of intention to appear in accordance with this Paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

12. **Service of Objections On Opposing Counsel.** Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all Objections to the Settlement that come into their possession.

13. **Termination of Settlement.** This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of October 10, 2017, immediately before the Parties reached agreement to settle the Action, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

14. **Use of Order.** This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status,

fault, wrongdoing, breach, omission, mistake, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in, the Settlement Agreement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

15. **Jurisdiction.** The Court hereby retains exclusive jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

16. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Final Approval Hearing without further written notice.

SO ORDERED this 26th day of October, 2017.

Honorable Harry D. Leinenweber
United States District Judge