**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK A. SHANK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEALTH CARE SERVICE CORPORATION, BLUECROSS BLUESHIELD OF ILLINOIS, and PRIME THERAPEUTICS LLC,<br><br>Defendants. | Case No. 1:16-cv-03993<br><br>Honorable Harry D. Leinenweber |

**FINAL APPROVAL ORDER AND JUDGMENT**

This Action came for hearing on March 20, 2018 to determine the fairness of the proposed settlement (the "Settlement") presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Scheduling of a Final Approval Hearing. Due notice having been given to the settlement class, including the individuals identified in Exhibit A (which shall remain under seal), and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement (Dkt. 107-1) executed by Class Representative and Health Care Service Corporation, a Mutual Legal Reserve Company ("HCSC").

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

1

2. On October 26, 2017, the Court preliminarily certified the following Settlement Class under FED. R. CIV. P. 23(b)(1):

> All persons currently or formerly covered under any type of commercial health benefits plan, health insurance policy, or health maintenance organization contract with a medical benefit or prescription drug benefit (or both) insured or administered by HCSC whose request for prior authorization for coverage of Harvoni was denied by HCSC between July 1, 2015, and May 31, 2016, based in whole or in part, on a Fibrosis Restriction, and who did not subsequently receive authorization or coverage for a Hepatitis C Drug under an HCSC administered or insured plan prior to June 1, 2016.

3. The Court certifies solely for purposes of settlement the class set forth in paragraph 2 above under FED. R. CIV. P. 23(b)(1) (the "Settlement Class"). The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of more than one-thousand individuals; there are questions of law or fact common to the Settlement Class; the Class Representative's claims are typical of those of Settlement Class Members; and the Class Representative will fairly and adequately protect the interests of the Settlement Class. The Court finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b): the questions of law or fact common to the Settlement Class predominate over individual questions, and class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Further, the Court hereby appoints Mark Shank as the Class Representative for the Settlement Class and appoints Kessler Topaz Meltzer & Check, LLP and Cooper & Kirk, PLLC as counsel for the Settlement Class.

5. The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6. Pursuant to FED. R. CIV. P. 23(e)(2), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds as follows:

(a) The Settlement was negotiated vigorously and at arm's-length by counsel for HCSC, on the one hand, and Class Counsel on behalf of the Class, on the other hand;

(b) The Settlement was reached following arm's-length negotiations among counsel, all of whom were thoroughly familiar with this litigation. Class Representative and HCSC had sufficient information to evaluate the settlement value of the Action;

(c) If the Settlement had not been achieved, Class Representative and HCSC faced the expense, risk, and uncertainty of extended litigation;

(d) The terms of the Settlement are fair, reasonable, and adequate. The Settlement provides tangible relief to Class Members and is comparable to relief obtained in similar cases;

(e) At all times, the Class Representative has acted independently of HCSC and in the interest of the Settlement Class; and,

(f) The Court has duly considered and denied any objections to the Settlement that were filed.

(g) The Court therefore finds that the Settlement Agreement is in the best interests of the Settlement Class, is fair, reasonable and adequate within the meaning of FED. R. CIV. P. 23.

7. The Court finds that the Notice Plan and Class Notice the Court previously approved has been implemented and satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process.

8. The Settlement Administrator has determined based on the claims submitted and pursuant to the terms of the Settlement Agreement that the Funding Amount for the Settlement Fund is $34,788. No later than ten (10) days following the Effective Date, HCSC shall deliver by wire transfer the Funding Amount into an account designated by the Settlement Administrator. The Settlement Administrator will provide to HCSC all information necessary to effectuate the payment within three (3) days of this Order.

9. The Settlement Fund is established as a Qualified Settlement Fund ("QSF") within the meaning of Treas. Reg. § 1.468B-1 and pursuant to the jurisdiction conferred on this Court by Treas. Reg. § 1.468B-1(c)(1). The Settlement Administrator, Epiq Systems, Inc., is hereby appointed to administer the QSF and is hereby granted the authority to conduct any and all activities necessary to administer the QSF pursuant to the terms, conditions, and restrictions of the Settlement Agreement, including but not limited to making payments to Settlement Class Members pursuant to the Settlement Agreement. All monies received from HCSC pursuant to the Settlement Agreement, which include all principal and interest earned thereon, shall be deposited by the Settlement Administrator in an investment agency account held in custody at Huntington National Bank ("Bank"), for the benefit of and titled in the legal name of the QSF and invested in instruments/securities comprised of: (a) United States Agency, Government Sponsored Enterprises or Treasury securities or obligations (or a mutual fund invested solely in such instruments); (b) cash equivalent securities including SEC registered money market funds and/or collateralized money market accounts; (c) deposit and similar interest-bearing, or non-

interest bearing accounts subject to Federal Depository Insurance Corporation protections as available; and/or (d) Investment Grade Corporate Bonds (investments are restricted to senior debt only and a minimum credit rating of AA- by S&P or Aa3 by Moody's).

10. The Bank shall be responsible for any and all investment related decisions, following the instructions of the Settlement Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented: (1) safety of principal; (2) zero direct Bank balance exposure; and/or (3) the use of zero sweep disbursement accounts to ensure funds, within one business day after deposit with Bank, remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail. Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the QSF except upon instructions of the Settlement Administrator, or, if requested, upon the order of this Court. The Settlement Administrator retains the right to remove the Bank, and may designate a replacement bank, upon further order of this Court. In the event of such replacement, the terms and conditions of this Order, including, without limitation, those addressing bond requirements, investments, and distributions from the QSF, shall apply to any such replacement bank. The Settlement Administrator is authorized upon final distribution of all monies required to be paid out of the Fund pursuant to the Settlement Agreement to take appropriate steps to wind down the QSF and to return any remaining monies to HCSC.

11. The Settlement Administrator shall be responsible for filing tax returns and any other tax reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund. All Taxes relating to the Settlement Fund shall be paid out of the Settlement Fund, shall be considered to be a cost of administration of the

Settlement, and shall be timely paid by the Settlement Administrator without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments). The Class Representative and each Class Member shall be solely responsible for the federal, state, and local tax consequences to him or her of the receipt of funds from the Settlement Fund pursuant to the Settlement Agreement.

12. Class Counsel and the Class Representative have moved the Court for $500,000 in attorney's fees, costs, expenses, and service awards. The Court has reviewed the application for reimbursement of costs submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby awards $500,000 in attorney's fees, costs, and expenses to be paid in accordance with the provisions of the Settlement Agreement.

13. The Court has reviewed the application for a service award to the Class Representative submitted by Class Counsel and the exhibits, memoranda of law, and other materials submitted regarding that application. On the basis of its review of the foregoing, the Court hereby approves payment of a Service Award in the amount of $5,000 to the Class Representative.

14. No later than ten (10) days following the Effective Date, HCSC shall deliver by wire transfer $500,000 in attorney's fees, costs, expenses and a service award into an account designated by Class Counsel. The Class Representative and Class Counsel shall provide to HCSC all information needed to effectuate the payment within three (3) days of this Order.

15. The Settlement Agreement and this Final Approval Order and Judgment shall not be offered or received against HCSC as evidence of or construed as or deemed to be evidence of

any presumption, concession or admission by HCSC with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or any litigation, or of any liability, negligence, fault, breach of duty or wrongdoing of HCSC.

16. The Settlement Agreement and this Final Approval Order and Judgment shall not be construed or used as an admission, concession, or declaration by or against the Class Representative or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable.

17. This Final Approval Order and Judgment shall not be used for any purpose in this or any other matter or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement or this Final Approval Order and Judgment.

18. Based on the foregoing, the Court **GRANTS** final approval of the Settlement Agreement and all of the terms and conditions contained therein.

19. The Action is hereby dismissed with prejudice, with each Party to bear its own costs and attorneys' fees except as provided by the terms of the Settlement Agreement. Every Settlement Class Member who did not timely and validly opt-out and exclude himself or herself from the Settlement Class fully, finally, and forever releases any and all Released Claims in accordance with the terms of the Settlement Agreement. All Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this Final Approval Order and Judgment.

20. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall

have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall (i) be admissible into evidence for any purpose in any Action or other proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) be deemed an admission or concession by any Party regarding the validity of any Released Claim or the propriety of certifying any class against HCSC, or (iii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Actions or the availability or lack of availability of any defense to the Released Claims. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

21. Without affecting the finality of the Court's judgment, the Court retains jurisdiction over the implementation, administration, effectuation, and enforcement of the Settlement Agreement and its terms. The Court also has the jurisdiction and authority to enforce the provisions of this Final Approval Order and Judgment. The Court shall also retain exclusive jurisdiction with respect to any applications for award of attorneys' fees, costs, expenses and Case Contribution Award to the Class Representative, submitted pursuant to the Settlement Agreement.

22. The Court finds there is no just reason for delay and directs the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure 54 immediately.

**IT IS SO ORDERED.**

DATED: 3/20/18

Hon. Harry D. Leinenweber
United States District Judge